## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

| | |
|---|---|
| THE STATE OF MISSISSIPPI,<br>ex rel JIM HOOD, ATTORNEY GENERAL,<br><br>**PLAINTIFF,**<br><br>v.<br><br>AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA, INC. CHI MEI CORPORATION; CHI ME OPTOELECTRONICS CORPORATION; CHI MEI OPTOELECTRONICS USA, INC., f/k/a INTERNATIONAL DISPLAY TECHNOLOGY USA, INC.; CMO JAPAN CO., LTD., f/k/a INTERNATIONAL DISPLAY TECHNOLOGY LTD.; CHUNGHWA PICTURE TUBES LTD.; HANNSTAR DISPLAY CORPORATION; HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; LG DISPLAY CO., f/k/a LG PHILLIPS LCD CO., LTD.; LG DISPLAY AMERICA, INC. f/k/a LGD LCD AMERICA, INC.; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG ELECTRONICS AMERICA, INC.; SHARP CORPORATION; SHARP ELECTRONICS CORPORATION; TOSHIBA CORPORATION; TOSHIBA MOBILE DISPLAY CO., LTD. f/k/a TOSHIBA MATSUSHITA DISPLAY TECHNOLOGY CO., LTD.; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br><br>**DEFENDANTS.** | No. 3:11CV 315 CWR-FKB<br><br>Removed from:<br><br>Chancery Court of Hinds County, Mississippi First Judicial District<br><br>Civil Action No. G2011-516 T/1<br><br><br>**JOINT NOTICE OF REMOVAL**<br><br> |

The undersigned Defendants AU Optronics Corporation; AU Optronics Corporation

America, Inc.; Chi Mei Corporation; Chimei Innolux Corporation f/k/a Chi Mei Optoelectronics

Corporation; Chi Mei Optoelectronics USA, Inc.; CMO Japan Co., Ltd.; HannStar Display

Corporation; Hitachi, Ltd.; Hitachi Displays, Ltd.; Hitachi Electronic Devices (USA), Inc.; LG Display Co., Ltd.; LG Display America, Inc.; Samsung Electronics Co., Ltd.; Samsung Semiconductor, Inc.; Samsung Electronics America, Inc.; Sharp Corporation; Sharp Electronics Corporation; Toshiba Corporation; Toshiba Mobile Display Co., Ltd. f/k/a Toshiba Matsushita Display Technology Co., Ltd.; Toshiba America Electronic Components, Inc.; and Toshiba America Information Systems, Inc. (collectively, "Removing Defendants"),[1] hereby remove this action from the Chancery Court of the First Judicial District of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi. This Court has original jurisdiction of this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and federal question jurisdiction under 28 U.S.C. § 1331.

## I.   INTRODUCTION

1.   On March 25, 2011, the Mississippi Attorney General, Jim Hood filed a complaint (the "Complaint") in the Chancery Court of the First Judicial District of Hinds County, Mississippi (the "Chancery Court"). The Complaint is attached as part of comprehensive Exhibit A, which consists of a true and correct copy of the pleadings and filings in the Chancery Court file of this action.

2.   The Attorney General purports to bring claims in the name of the State of Mississippi on its own behalf, on behalf of local governmental entities, "on behalf of Mississippi citizens" and "on behalf of Mississippi residents" (collectively, the "Plaintiffs"). Compl. pp. 2, 54. In this Notice, the Removing Defendants will use "the State" to refer to all of the Plaintiffs. The Complaint alleges that the named Defendants and others engaged in a conspiracy to fix prices for liquid crystal display ("LCD") panels lasting from January 1, 1996 to December 11,

---

[1] Although unanimous consent of all defendants is not required for removal under the Class Action Fairness Act pursuant to 28 U.S.C. § 1453(b), all named and served defendants join this removal. Defendant Chunghwa Picture Tubes Ltd. has not been served and has not signed a waiver of service.

2006.  Compl. ¶¶ 40, 49.  The State alleges violations of the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-5, and Mississippi Antitrust Laws, Miss. Code Ann. § 75-21-1, *et seq.*, and seeks civil penalties under Miss. Code Ann. §§ 75-24-19(1)(b), 75-21-7, punitive damages under Miss. Code Ann. § 11-1-65, restitution and damages under Miss. Code Ann. § 75-24-11, and injunctive relief under Miss. Code Ann. §§ 75-24-9 and 75-21-1.  Compl. pp. 50-54.

 3. In April 2007, over 100 civil cases alleging price fixing of LCD panels, by the same manufacturers named as defendants in the State's Complaint, were transferred and consolidated in a multidistrict litigation proceeding in the District Court for the Northern District of California.  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827-SI (N.D. Cal. filed Apr. 20, 2007) (the "MDL").  If the Plaintiffs file a motion to remand this action to state court, this Court should decide the motion rather than the MDL.  *Illinois ex rel. Lisa Madigan v. AU Optronics Corp.*, No. ILN/1:10-cv-05720 (J.P.M.L. Feb. 3, 2011), ECF No. 27 (order postponing decision on motion to vacate conditional transfer of the action to the MDL until the Northern District of Illinois rules on plaintiff's motion for remand to state court) (attached as Exhibit B).

## II. NOTICE OF REMOVAL IS TIMELY

 4. On May 10, 2010, the Defendants AU Optronics Corporation; AU Optronics Corporation America, Inc.; Chi Mei Corporation; Chimei Innolux Corporation f/k/a Chi Mei Optoelectronics Corporation; Chi Mei Optoelectronics USA, Inc.; CMO Japan Co., Ltd.; HannStar Display Corporation; Hitachi, Ltd.; Hitachi Displays, Ltd.; Hitachi Electronic Devices (USA), Inc.; LG Display Co., Ltd.; LG Display America, Inc.; Samsung Electronics Co., Ltd.; Samsung Semiconductor, Inc.; Samsung Electronics America, Inc.; Sharp Corporation; Sharp Electronics Corporation; Toshiba Corporation; Toshiba Mobile Display Co., Ltd. f/k/a Toshiba

Matsushita Display Technology Co., Ltd.; Toshiba America Electronic Components, Inc.; and Toshiba America Information Systems, Inc. (collectively, "Stipulating Defendants") and the Mississippi Attorney General filed a stipulation in the Chancery Court whereby the Stipulating Defendants agreed to waive service of the Complaint under Federal Rule of Civil Procedure 4(d) and the laws of Mississippi, including the Mississippi Rules of Civil Procedure § 4(e), *et seq.*, and the Mississippi Attorney General agreed to extend the time for Defendants to answer, move to dismiss or otherwise respond to the Complaint until after a decision is rendered on a motion to remand this action to state court. This Stipulation is included in Exhibit A to this Notice.

5.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days of first receipt by any defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the state court proceeding is based.[2]

## III.    THE STATE'S ACTION IS REMOVABLE UNDER CAFA

6.     This action is removable to federal court under CAFA, 28 U.S.C. §§ 1332(d) and 1453. The action is removable both as a "class action" under 28 U.S.C. § 1332(d)(2) and as a "mass action" under 28 U.S.C. § 1332(d)(11).

### A.     This Court Has Jurisdiction Over this Action as a "Class Action."

7.     Removal is proper because this action is a "class action" within the meaning of CAFA. CAFA provides federal jurisdiction over "class actions," as defined therein, that arise solely under state law if there is minimal diversity of citizenship and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2), (5).

---

[2]  Removing Defendants expressly reserve all defenses or contentions they may assert in this action, including, without limitation, lack of personal jurisdiction, insufficient service of process (except to the extent of the stipulation previously executed by the Removing Defendants), insufficient evidence or allegations to obtain class certification, and lack of subject matter jurisdiction. This notice of removal is not intended in any way to constitute an appearance or a waiver of service on behalf of any defendant, except to the extent of the stipulation previously executed by the Removing Defendants.

8.      CAFA defines a class action as "any civil action filed under rule 23 of the Federal
Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an
action to be brought by 1 or more representative persons as a class action."    28 U.S.C.
§ 1332(d)(1)(B).  This definition should be "interpreted liberally" and "lawsuits that resemble a
purported class action should be considered a class action for the purpose of applying these
provisions." *Louisiana ex rel. Caldwell v. Allstate Ins. Co.,* 536 F.3d 418, 424 (5th Cir. 2008)
(quoting S. Rep. No. 109-14, at 35 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3).   CAFA is
intended to prevent "jurisdictional gamesmanship," and thus a court must "look to the substance
of the action and not only at the labels that the parties may attach." *Id.* (quotation omitted).  The
identity of the real parties in interest in an action determines whether subject matter jurisdiction
exists. *Id.* at 428; *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980) ("a federal
court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of
real parties to the controversy").

9.      As in *Caldwell*, the Attorney General brings claims in a representative capacity
"on behalf of Mississippi citizens" and "on behalf of Mississippi residents."  Compl. pp. 2, 54.
The Complaint seeks damages and restitution for injuries sustained by private Mississippi
purchasers. *See*, *e.g.*, Compl. p. 2 ("Unaddressed [in the DOJ actions] is any form of *restitution
for consumers* or governmental entities which purchased products at an artificially inflated
price.") (emphasis added); *id.* p. 12 ("As a result of defendants' illegal price-fixing agreement,
Plaintiff and other *consumers in Mississippi* paid more for LCD products than they would have
absent such illegal conduct.") (emphasis added); *id.* p. 54 (that "Plaintiff, bringing this action . . .
on behalf of Mississippi residents . . . be awarded restitution and its damages . . . .").

10.    Furthermore, the Complaint seeks damages and restitution on behalf of local government entities, (Compl. pp. 2, 54), which are citizens for diversity jurisdiction purposes. *Moor v. County of Alameda,* 411 U.S. 693, 718 (1973); *Reeves v. City of Jackson,* 532 F.2d 491, 495 n.5 (5th Cir. 1976); *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.,* 81 F.3d 1412, 1416-17 (5th Cir. 1996).

11.    The individual Mississippi residents and local government entities who purchased LCD panels and products are the real parties in interest. Where a state attorney general asserts a claim for monetary damages based on injuries suffered by individuals, the Fifth Circuit has determined that those individuals are the real parties in interest for that claim. *Caldwell,* 536 F.3d at 429 (treating individuals, not the state, as the real parties in interest where Louisiana Attorney General's complaint made "clear that it is seeking to recover damages suffered by individual policyholders"). Because the Attorney General has filed this representative action on behalf of a group of unnamed Mississippi residents and citizens, it is an action brought "by 1 or more representative persons" and is therefore a CAFA class action. *Id.* at 430.

12.    All the requirements for a CAFA class action are met here. The number of claimants in this action exceeds 100 persons. The Complaint states that this action is brought on behalf of each Mississippi resident and citizen who purchased a product such as a notebook computer or television set containing an LCD panel over a ten-year period. Compl. pp. 2, 54. By the Complaint's own count, this involves thousands (if not millions) of transactions. *Id.* ¶ 41.

13.    In addition, no Defendant, as alleged in the Complaint, is a resident of Mississippi. *See* Compl. ¶¶ 3-31. The majority of the Defendants are foreign corporations incorporated and headquartered in Asia, including Taiwan (AU Optronics Corporation; Chi Mei Corporation; Chimei Innolux Corporation f/k/a Chi Mei Optoelectronics Corporation; Chunghwa

Picture Tubes Ltd.; HannStar Display Corporation), Korea (LG Display Co., Ltd; Samsung Electronics Co., Ltd.) and Japan (CMO Japan Co., Ltd.; Hitachi, Ltd.; Hitachi Displays, Ltd.; Sharp Corporation; Toshiba Corporation; Toshiba Mobile Display Co., Ltd. f/k/a Toshiba Matsushita Display Technology Co., Ltd.). *Id.* Those Defendants with U.S. affiliates or sales agents are incorporated or have their principal place of business, even as alleged in the Complaint, in California (AU Optronics Corporation America, Inc.; Chi Mei Optoelectronics USA, Inc.; LG Display America, Inc.; Samsung Semiconductor, Inc.;   Toshiba America Electronic Components, Inc.; Toshiba America Information Systems, Inc.), South Carolina (Hitachi Electronic Devices (USA), Inc.), New Jersey (Samsung Electronics America, Inc.; Sharp Electronics Corporation) and Texas (AU Optronics Corporation America, Inc.), not Mississippi. *Id.*

14.     Because the real parties in interest reside in Mississippi and the Defendants, as alleged in the Complaint, are non-residents of Mississippi, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2) is met.

15.     Finally, the aggregate amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d)(2).  While the Complaint does not explicitly quantify the damages sought, the State seeks damages for alleged overcharges on every LCD panel manufactured by all Defendants, and every product containing such a LCD panel, which would include televisions and notebook computers, purchased by any Mississippi resident over a 10-year period.  Therefore, the damages sought on behalf of these Mississippi residents must exceed $5,000,000.

**B.     In the Alternative, this Action Is a "Mass Action" Removable Under CAFA.**

16.     In the alternative, this action is removable as a "mass action" under CAFA.  *See* 28 U.S.C. § 1332(d)(11).  CAFA defines a "mass action" for purposes of federal jurisdiction as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be

tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."

28 U.S.C. § 1332(d)(11)(B)(i).  As with a class action, a CAFA mass action requires monetary

claims by 100 or more persons, an aggregate amount in controversy of at least $5,000,000, and

plaintiffs who are at least minimally diverse from defendants.  28 U.S.C. § 1332(d)(11)(B)(i).  A

"mass action" also must satisfy the diversity jurisdictional amount requirements under 28 U.S.C.

§ 1332(a).

      17.     In *Caldwell*, the Fifth Circuit held that when an action is brought by the State on

behalf of its people and the people are the real parties in interest, the action is a mass action

under CAFA.  536 F.3d at 430.  Such is the case here.

      18.     As set forth above, the citizens and residents of Mississippi are the real parties in

interest to this action and they number over 100.

      19.     These citizens' and residents' claims involve common questions of law under the

Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-5, and Mississippi Antitrust

Laws, Miss. Code Ann. §§ 75-21-1, *et seq.*, and common questions of fact based on alleged

agreements to fix the prices for LCD panels. Compl. ¶¶ 192-206.

      20.     As set forth above, the diversity requirement of CAFA is met.

      21.     As set forth above, the $5,000,000 statutory threshold is met.

      22.     A case can proceed in federal court under CAFA mass action jurisdiction if the

amount in controversy exceeds $75,000 in damages. 28 U.S.C. § 1332(d)(11)(B)(i).  This

requirement is satisfied because the aggregate "punitive damages" sought by the Plaintiffs is

almost certain to be more than $75,000. *See Allen v. R. & H. Oil & Gas Company*, 63 F.3d 1326,

1335-36 (5th Cir. 1995); *Montgomery v. First Family Fin. Servs., Inc.*, 239 F. Supp. 2d 600

(S.D.Miss. 2002) (finding that unspecified demand for punitive damages satisfies jurisdictional demand).

23.     Furthermore, local government entities are also citizens for diversity jurisdiction purposes. In the Complaint, the Attorney General purports to represent all local governmental entities, which would include cities, counties, community hospitals, school districts, waste water districts, utility districts, economic development authorities, and other local government entities. Especially in light of "punitive damages" sought by Plaintiffs, the matter in controversy for one or more, if not all, of these Plaintiffs, based on their allegations, exceeds $75,000.

24.     Additionally, Mississippi seeks damages "on behalf of Mississippi residents," Compl. p. 54, and thus appears to be asserting claims on behalf of resident corporations and associations as well as individual persons. Especially in light of "punitive damages" sought by Plaintiffs, the matter in controversy for one or more, if not all, of these Plaintiffs, based on their allegations, exceeds $75,000.

### C.     This Court has Supplemental Jurisdiction over the Remainder of the State's Claims.

25.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the State's claims for injunctive relief, civil penalties, restitution and damages on behalf of the State and its agencies. Compl. pp. 2, 52-55.

## IV.     THIS COURT HAS JURISDICTION BECAUSE THE COMPLAINT PRESENTS A FEDERAL QUESTION.

26.     Under 28 U.S.C. § 1331, United States district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

27.     The federal removal statute specifically provides for the removal of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising

9

under the Constitution, treaties or laws of the United States . . . ."  28 U.S.C. § 1441(b).  The statute further provides that the district court may also hear any otherwise non-removable claims asserted in such an action.  *See* 28 U.S.C. § 1441(c).

28.  Although a plaintiff is generally the master of his complaint, there are exceptions to that rule.  *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 773 (5th Cir. 2003) ("The well-pleaded complaint rule, however, is not without its exceptions.").  A "*state claim* may be removed to federal court . . . when a federal statute wholly displaces the state-law cause of action through complete pre-emption."  *Id.* at 773 (emphasis in original) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).  Furthermore, "courts will not permit [a] plaintiff to use artful pleading to close off [a] defendant's right to a federal forum . . . [and] the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiffs' characterization."  *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n.2 (1981) (citation and quotations omitted).  Therefore, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."  *Beneficial*, 539 U.S. at 8.

29.  In this case, the State has pleaded its claims under Mississippi law to prevent a federal claim under the Sherman Act, 15 U.S.C. § 7 et seq.  Mississippi Antitrust Laws apply only to intrastate activity.  *Standard Oil Co. of Ky. v. State ex rel. Att'y Gen.*, 65 So. 468, 470-71 (Miss. 1914), *overruled on other grounds by Mladinich v. Kohn*, 164 So. 2d 785 (Miss. 1964).  Here, however, the Complaint's state antitrust claim is based on alleged conspiratorial conduct occurring outside the U.S. and transactions occurring in interstate commerce.  Thus, these claims actually arise under the Sherman Act.

30.     Since the *Beneficial* and *Hoskins* decisions, the Fifth Circuit has not decided whether a Mississippi state antitrust claim based on interstate activity is preempted by the Sherman Act. *Cf. Terrebonne v. SMA Health Plan, Inc.*, 271 F.3d 186 (5th Cir. 2001) (finding no preemption of a Louisiana antitrust claim under an outdated standard). After the Fifth Circuit's *Terrebonne* decision, the Supreme Court decided *Beneficial*, and the Fifth Circuit later adopted the *Beneficial* standard in *Hoskins* and reversed its position on preemption regarding other statutory areas. Although the Fifth Circuit has not applied the *Beneficial* standard in the antitrust context since *Terrebonne*, other courts have found preemption of state antitrust claims made with factual allegations similar to those in the Complaint. *See, e.g., H-Quotient. Inc. v. Knight Trading Grp*, No. 03 Civ. 5889 (DAB), 2005 WL 323750, at *4 (S.D.N.Y. Feb. 9, 2005) ("Where the conduct complained of principally affects interstate commerce, with little or no impact on local or intrastate commerce, it is clear that federal antitrust laws operate to preempt the field and oust state courts of jurisdiction.") (citation and quotations omitted); *In re Wiring Device Antitrust Litig.*, 498 F. Supp. 79, 82 (E.D.N.Y. 1980) (stating that where interstate commerce is involved, federal antitrust laws preempt state antitrust laws). Because this Court should similarly find that the federal antitrust laws preempt the Complaint's claims that are based on interstate conduct and transactions with little to no impact on local or intrastate commerce, this case presents a federal question and removal is appropriate.

31.     To the extent there are any claims that are primarily based on intrastate conduct and transactions, this Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

## V.     ALL OTHER REMOVAL PREREQUISITES HAVE BEEN MET

32.     As required by 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is included in Exhibit A.

33.     A true and correct copy of the stipulation filed in the Chancery Court on May 10, 2010 described above, is included in Exhibit A.

34.     True and correct copies of all other process, pleadings or papers that have been received by Defendants or filed in the Chancery Court, as of the date of this Notice of Removal, are included in Exhibit A.

35.     Under 28 U.S.C. § 1441(a), the United States District Court for the Southern District of Mississippi is the federal district court for the district and division embracing the place where the state court suit is pending.

36.     Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with written notice of the filing of this Notice of Removal.

37.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Chancery Court of the First Judicial District of Hinds County, Mississippi.

38.     Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Removing Defendants remove the above-captioned case from the Chancery Court of the First Judicial District of Hinds County, Mississippi, to this Court.

Dated: June 9, 2011                    WISE CARTER CHILD & CARAWAY, P.A.

                                       By: _Michael B. Wallace_
                                       Michael B. Wallace

                                       Charles E. Ross, MSB No. 5683
                                       Michael B. Wallace, MSB No. 6904
                                       401 East Capitol Street
                                       Heritage Building, Suite 600
                                       Jackson, MS 39201
                                       Tel:  601.968.5562
                                       Fax:  601.968.5593
                                       Email:  cer@wisecarter.com
                                       Email:  mbw@wisecarter.com

                                       *Attorneys for Defendants Toshiba Corporation,*
                                       *Toshiba Mobile Display Co., Ltd. f/k/a Toshiba*

*Matsushita Display Technology Co., Ltd.,
Toshiba America Electronic Components, Inc.,
and Toshiba America Information Systems,
Inc.*

PHELPS DUNBAR LLP

By: _____

James W. Shelson, MSB No. 9693
Luther Munford, MSB No. 3653
4270 I-55 North
Jackson, MS 39211-6391
Direct: (601) 360-9724
Fax: (601) 360-9777
e-mail: shelsonj@phelps.com

*Attorneys for Defendants AU Optronics
Corporation and AU Optronics Corporation
America, Inc.*

WYATT TARRANT & COMBS, LLP

By: _____
      Thomas C. Gerity

      Thomas C. Gerity, MSB No. 4799
      4450 Old Canton Road, Suite 210
      Jackson, MS 39211
      Tel: 601.987.5300
      Fax: 601.968.5353
      Email: tgerity@wyattfirm.com

*Attorneys for Defendants HannStar Display*
*Corporation*

FORMAN PERRY WATKINS KRUTZ
& TARDY LLP

By: _____

    Walter H. Boone, MSB No. 8651
    City Center, Suite 1000
    200 South Lamar Street
    Jackson, Mississippi 39201-4099
    Tel:  (601) 960-8616
    Fax: (601) 960-8613
    Email:  whboone@fpwk.com

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd., and Hitachi Electronic Devices (USA), Inc.*

BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC

By: _____

Robert A. Miller (MSB No. 3305)
John A. Crawford, Jr. (MSB No. 10436)
P. Ryan Beckett (MSB No. 99524)
1020 Highland Colony Parkway
Suite 1400
Ridgeland, Mississippi 39157
Tel: (601) 985-4575
Fax: (601) 985-4500
Email: bobby.miller@butlersnow.com
Email: jack.crawford@butlersnow.com
Email: ryan.beckett@butlersnow.com

*Attorneys for Defendants LG Display Co., Ltd.
and LG Display America, Inc.*

HEIDELBERG HARMON PLLC

By: _____

Maison Heidelberg, MSB No. 9559
795 Woodlands Parkway
Suite 220
Ridgeland, MS 39157
Phone: 601-351-3330
Fax: 601-956-2090
mheidelberg@heidelbergharmon.com

*Attorneys for Defendants Samsung Electronics
America, Inc., Samsung Electronics Co., Ltd.,
and Samsung Semiconductor, Inc.*

PHILIP W. THOMAS LAW FIRM

By: _____

Philip W. Thomas, MSB No. 9667
747 N. Congress St.
Jackson, MS 39202
(601) 714-5660
pthomas@thomasattorney.com

*Attorney for Defendants Sharp Corporation
and Sharp Electronics Corporation .*

BRADLEY ARANT BOULT CUMMINGS LLP

By: _____

Stephen Lee Thomas, MSB No. 8309
Post Office Box 1789
Jackson, MS  39215-1789
Tel: 601-592-9912
Fax: 601-592-1412
Email:  sthomas@babc.com

*Attorney for Defendants  Chi Mei Corporation;
Chimei Innolux Corporation (f/k/a Chi Mei
Optoelectronics Corp.); Chi Mei
Optoelectronics USA, Inc.; and CMO Japan
Co., Ltd.*

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

THE STATE OF MISSISSIPPI,
ex rel JIM HOOD, ATTORNEY GENERAL,

**PLAINTIFF,**

v.

AU OPTRONICS CORPORATION; AU
OPTRONICS CORPORATION AMERICA, INC.
CHI MEI CORPORATION; CHI ME
OPTOELECTRONICS CORPORATION; CHI
MEI OPTOELECTRONICS USA, INC., f/k/a
INTERNATIONAL DISPLAY TECHNOLOGY
USA, INC.; CMO JAPAN CO., LTD., f/k/a
INTERNATIONAL DISPLAY TECHNOLOGY
LTD.; CHUNGHWA PICTURE TUBES LTD.;
HANNSTAR DISPLAY CORPORATION;
HITACHI, LTD.; HITACHI DISPLAYS, LTD.;
HITACHI ELECTRONIC DEVICES (USA),
INC.; LG DISPLAY CO., f/k/a LG PHILLIPS
LCD CO., LTD.; LG DISPLAY AMERICA, INC.
f/k/a LGD LCD AMERICA, INC.; SAMSUNG
ELECTRONICS CO., LTD.; SAMSUNG
SEMICONDUCTOR, INC.; SAMSUNG
ELECTRONICS AMERICA, INC.; SHARP
CORPORATION; SHARP ELECTRONICS
CORPORATION; TOSHIBA CORPORATION;
TOSHIBA MOBILE DISPLAY CO., Ltd. f/k/a
TOSHIBA MATSUSHITA DISPLAY
TECHNOLOGY CO., LTD.; TOSHIBA
AMERICA ELECTRONIC COMPONENTS,
INC.; and TOSHIBA AMERICA
INFORMATION SYSTEMS, INC.,

**DEFENDANTS.**

No. _3:11cv345 CWR-FKB_

Removed from:

Chancery Court of
Hinds County, Mississippi
First Judicial District

Civil Action No. G2011-516 T/1

**CERTIFICATE OF SERVICE**

I, Michael B. Wallace, one of the attorneys for defendants, do hereby certify that I have

this day caused a true and correct copy of the foregoing instrument to be delivered to the

following:

JIM HOOD, ATTORNEY GENERAL FOR
THE STATE OF MISSISSIPPI (via hand
delivery)
    Geoffrey Morgan, MSB No. 3474
    Meredith M. Aldridge, MSB No. 100696
    George W. Neville, MSB No. 3822
    Office of the Mississippi Attorney General
    P.O. Box 220
    Jackson, MS 39205
    Tel: 601-359-3680
    Fax: 601-359-2003

ABRAHAM & RIDEOUT (via U.S. mail)
    A. Lee Abraham, Jr. MSB No. 1028
    Preston Rideout, MSB No. 5346
    Post Office Box 8407
    Greenwood, MS 38935-8407
    Tel:  662-453-3000

OF COUNSEL
ZIMMERMAN REED, PLLP (via U.S. mail
and e-mail)

    Carolyn G. Anderson
    David M. Cialkowski
    Patricia A. Bloodgood
    Kirsten D. Hedberg
    1100 IDS Center, 80 South 8th Street
    Minneapolis, MN 55402
    Tel:  612.341.0400
    Fax:  612.341.0844
    Email:  David.Cialkowski@zimmreed.com


*Attorneys for Plaintiff The State of Mississippi,
ex rel Jim Hood, Attorney General*


I declare under penalty of perjury that the foregoing is true and correct.

June 9, 2011

MICHAEL B. WALLACE